IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERESA A. MASON                                                                PLAINTIFF

v.                                 CIVIL NO. 02-2206

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                        DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Teresa A. Mason brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**Procedural Background:**

The application for SSI presently before this court was filed on September 8, 2000, alleging an inability to work due to seizures, migraine headaches, back pain, anxiety and interstitial cystitis. (Tr. 82-85). An administrative hearing was held on February 12, 2002. (Tr. 28-48). Plaintiff was present and represented by counsel.

By written decision dated March 21, 2002, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 20). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform work, at any exertional level, that did not require working around heights or

hazardous machinery. (Tr. 20). The ALJ further found plaintiff experienced moderate pain with moderate loss of concentration which alone did not preclude performing routine, repetitive tasks. (Tr. 20). With the help of vocational expert testimony, the ALJ found plaintiff would be able to perform her past relevant work as a housekeeper/cleaner at a nursing home. (Tr. 20).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied. (Tr. 4-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner.

Plaintiff filed a Complaint in this court on September 9, 2002, seeking judicial review of the decision. (Doc. #1). Defendant filed a motion requesting that the court remand plaintiff's case back to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. #16). This court granted defendant's motion on March 20, 2003. (Doc. #18).

On July 26, 2004, defendant filed a motion to reinstate plaintiff's case. (Doc. #19). This court granted defendant's motion on July 27, 2004. (Doc. # 20). Defendant filed an Answer on July 28, 2004. (Doc. #21). This case is before the undersigned pursuant to the consent of the parties. Both parties have submitted appeal briefs and this case is now ready for decision. (Doc. # 22, 23).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©. A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

3

AO72A
(Rev. 8/82)

economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

## Discussion:

Of particular concern to the undersigned is the ALJ's determination that plaintiff does not have a severe back impairment. (Tr. 16). "A majority of the Supreme Court has adopted what has been referred to as a `de minimis standard' with regard to the step two severity standard." *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989); *Funderburg v. Bowen*, 666 F.Supp. 1291 (W.D. Ark. 1987). An impairment is considered to be non-severe if it is a slight abnormality that does not significantly limit any basic work activity. *Bowen v. Yuckert*, 482 U.S. 137, 158 (1987).

We believe the ALJ erred in concluding that plaintiff did not suffer a severe back impairment. A review of the medical evidence reveals plaintiff has sought treatment for her back pain on numerous occasions. (Tr. 184, 188, 194, 196, 202, 204-209, 308, 326). After continued complaints of pain, plaintiff underwent spinal imaging of her cervical and lumbar spine in January of 2002. (Tr. 341-342). The cervical spine x-rays showed spinal biomechanical alterations, uncovertebral and facet arthrosis of the mid and lower spine and mild spondylosis of the mid and lower spine. (Tr. 341). It was recommended that lateral views of plaintiff's cervical spine be taken to exclude the possibility of intersegmental dysfunction. Lumbar spine x-rays showed spinal biomechanical alterations, facet tropism at L4-L5 and L5-S1, facet arthrosis at the lumbar spine and non-specific calcific radiodensities in the right upper quadrant. (Tr. 342).

We believe there is substantial evidence in the record that plaintiff's back impairment rises to the level of a severe impairment. We therefore find that this case should be remanded to allow the ALJ to more fully consider plaintiff's back pain and the effect this impairment will have on her ability to perform substantial gainful activity.

Prior to proceeding with the evaluation, we believe the ALJ should more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). At the hearing the ALJ mentioned that he would be sending plaintiff to a consultative examiner. (Tr. 41). After receiving the assessments from plaintiff's treating/examining physicians, if needed, the ALJ may also order a consultative physical exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete medical assessments of plaintiff's physical abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and her mental RFC. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians

5

to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question.

There is also evidence suggesting that plaintiff experienced side effects caused by her medication. On remand the ALJ should re-evaluate plaintiff's subjective allegations in accordance with *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), specifically discussing each *Polaski* factor in the context of plaintiff's particular case.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

6

AO72A
(Rev. 8/82)